## John McDowell's Exr. *v.* Woodford McDowell.

**Guardian and Ward—Settlement by Guardian—No Report Filed.**

Though a statutory guardian does not make his settlement with the court as required by law, a circumstance of a settlement with his ward. who is his son, during a number of years, in which the ward claimed nothing against his guardian after becoming of age, will be upheld.

APPEAL FROM BULLITT CIRCUIT COURT.

October 12, '1870.

OPINION OF THE COURT BY JUDGE PETERS:

Many years ago appellee was by the proper court appointed statutory guardian for his two minor sons, who inherited ninety-five acres of land, a slave, or the price for which he was sold, $541 and $86, their distributable part of the personalty, from their maternal grandfather.

One of them died in 1863, after he had arrived at twenty-one years of age, unmarried and intestate, the other lived until 1868, and in the month of April of the 1st named year, died testate, and appointed his widow his executrix, who brought this suit against appellee for a settlement of his accounts as guardian of her late husband, and for judgment against him for the amount in his hands which she claims to be large.

The court below dismissed her petition, and she has appealed.

It is not claimed by appellee, that he ever settled his accounts as guardian with the legal authorities to make such settlements; but he claims that he settled with his sons after their arrival at twenty-one years of age, and paid them all their estate that came to his hands.

From the exhibits filed it appears that appellee was appointed guardian as early as 1844, and the greater part of his ward's estate came to his hands in 1846; and while he does not rely on time as a bar, and produce no evidence of a formal settlement with appellant's testator, he proves that up to a short time before his death, he lived with his father except a period of some two or three years, when he was in the army, that they lived on the most friendly relations, that the father was a man of means, altogether sufficient to have settled the demands of testator at any time; and that he frequently supplied his son with money, two witnesses proving specific sums of money they knew the father advanced at different times, and his farm was used by testator to graze his stock at his pleasure, and by others it is proved that he acknowledged he was indebted to his father.

Besides as late as November, 1867, the testator executed a note to his father, acknowledging an indebtedness to him then of one hundred dollars; and after the execution of the note, A. H. Field was present on the 21st of March, 1863 when they cancelled a contract for the lease of a farm made by appellee to the testator—and the former buying the corn, farming utensils of the latter on the place, and estimating the labor he had done

preparatory to making the crop, when appellee fell several hundred dollars in debt for the articles purchased, and labor done on the farm and assumed to pay certain specific debts of testator—this only a few days before the death of testator—and it would be strange indeed if he then considered his father indebted to him as his former guardian that he forebore to mention it, and to ask for a settlement of the claim also.

The foregoing facts and circumstances with the time which had elapsed from the period when testator arrived at age until his death which was eleven or twelve years, established very strong evidence of a settlement by the parties of the claim asserted in this suit, which is not repelled by other evidence.

Wherefore the judgment is *affirmed* on the original and cross appeals.

*R. H. Field,* for appellant.
*A. H. Field,* for appellee.